ROBERT McK ORMSBY *v.* LEWIS R. MORRIS.

*Jurisdiction. Pleading.*

The county court has jurisdiction of an action on the case against an officer for not keeping property attached by him so as to be levied on, though the judgment obtained be for less than one hundred dollars, if the damages demanded and actually recovered, including interest to the time of trial, exceeds that sum.

In such an action it should appear from the declaration that the property was charged by execution within thirty days from the rendition of the judgment, and a declaration is insufficient, on demurrer, if it only appears from it that the judgment was rendered at a term of the court commencing March 23d, and that execution issued dated March 29th, and that it was in the officer's hands on the 26th of April following;—it not appearing at what time the court adjourned, and there being no intendment from the date only of the execution that it issued at the earliest period that it might.

ACTION ON THE CASE. The declaration set forth the issuing of a writ in the plaintiff's favor against one Levi Gilman; and the attachment by the defendant, as a constable, of certain specified property thereon; the recovery of a judgment in the county court in the plaintiff's favor, in the suit commenced by said writ, and then proceeded as follows, " and from the decision of the county court last aforesaid, said Gilman, by his exceptions, carried and removed said suit to the supreme court of the state, to be held at Chelsea, in said Orange county, on the 15th Tuesday after the 4th Tuesday of December, 1851, to wit, on the 23d day of March, 1852, when, by the consideration of the supreme court, the plaintiff's judgment was affirmed to him, with additional damages and costs to the plaintiff aforesaid, for the sum of sixty-nine dollars and nine cents damages or debt, and sixteen dollars and thirty-two cents costs, in all, as by the records of said court remaining will appear; and the plaintiff prayed out his writ of execution on said judgment, dated the 29th day of March, 1852, returnable in sixty days, and directed to any sheriff or constable in the state, all in the form prescribed by law; and the plaintiff says that the said goods of the said Gilman, so attached as aforesaid, were duly demanded of the said defendant by the plaintiff, to wit, on the 20th day of April, 1852, at Brookfield aforesaid; and the plaintiff further also says that he delivered the said writ of execution to Chas. C. P. Baldwin, a legal deputy of the sheriff of said county of Orange, who, by virtue thereof, afterwards, to wit, on the 26th day of April, 1852, at Brookfield afore-

said, made demand of the goods of said Gilman, by the defendant so attached as aforesaid, but the, said Morris did not retain and keep the said goods for the space of thirty days after said execution was issued, to the end that the plaintiff might take them in execution to satisfy the same, but released and discharged said goods from attachment," &c., &c., "to the damage of the plaintiff two hundred dollars."

The defendant moved to dismiss the suit for want of jurisdiction of the county court. The motion was overruled, and the defendant then demurred to the declaration. The county court, January Term, 1856, overruled the demurrer, and rendered judgment for the plaintiff. Exceptions by the defendant.

*R. McK Ormsby* for the defendant.

The county court had no jurisdiction of the action in this case. The only damage claimed in the declaration is the amount of the judgment, and the costs, which are less than one hundred dollars. *Maxfield* v. *Scott,* 17 Vt. 634.

The declaration is defective. To charge the defendant, as an officer, with care of property attached, there should be allegation that execution was issued in thirty days from the rendition of judgment, and placed in his hands, or in the hands of some proper officer, and demand made of him in that time; 12 Vt. 599.

*C. B. Leslie* for the plaintiff.

The defendant has put in a general demurrer. The declaration is in accordance with the precedents; Swift's Dig. 452; Anthon's Precedents 304, No. 49.

The declaration expressly alleges a demand of the property attached, by the officer holding the execution, of the defendant; and sets forth the time, which is within the time required by law. The declaration charges as follows, " and the plaintiff further also says that he delivered said writ of execution to Charles C. P. Baldwin, a legal deputy of the sheriff of said county of Orange, who, by virtue thereof, afterwards, to wit, on the 26th day of April, 1852, at Bradford aforesaid, made demand of the goods of the said Gilman, by the defendant so attached as aforesaid, but said Morris did not retain and keep said goods, &c., but released and discharged

said goods from attachment, and did not deliver said goods to said Chs. C. P. Baldwin, deputy sheriff as aforesaid, when demanded."

When the breach of a contract is set out argumentatively, or there is uncertainty in pleadings, it can only be reached by a special demurrer; *Catlin* v. *Lyman*, 16 Vt. 44.

The opinion of the court was delivered by

BENNETT, J. The county court were correct in not dismissing the cause for want of jurisdiction. The action sounds in tort, the damages are laid at $200, and the recovery was, in fact, for more than $100, including the interest on the execution.

But a more important inquiry arises on the sufficiency of the declaration. To sustain this action for the neglect of the officer in not keeping this property so that it could be levied upon, it is necessary that the property should be charged in execution within thirty days from the time of final judgment. This, from the declaration, does not appear to have been done. All that is alleged is, that the court, when the judgment was rendered, sit on the 23d day of March, 1852, that execution was taken out bearing date the 29th of March, 1852, and that the officer demanded the property of the defendant on the 26th day of April, 1852, and there is no averment that this was within thirty days from the time of the rendition of the judgment, and no averment of the day on which the court adjourned. It may have been in session but for a single day. The fact that the execution bears date the 29th of March, 1852, is no evidence of the time the court adjourned.

It cannot be *intended* that it issued at the earliest period at which the plaintiff was entitled to take his execution. If the statute had fixed the day for the ending of the term, as well as the day for the beginning, we might, perhaps, take judicial notice of the day when the court adjourned, and, in this way, save the declaration, but as the ending of the term is not fixed by law, its termination must be matter of *averment and proof.*

Judgment of the county court is reversed, and judgment that the declaration is insufficient.

The plaintiff had liberty to amend on the usual terms.